UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHANIE BALCERZAK                          JURY TRIAL DEMANDED

v.                                           CASE NO. 3:14CV

NATIONAL CREDIT SYSTEMS, INC.
HP STONY BROOK LLC
HP STONY MANAGER, INC.
HIRSCHFELD MANAGEMENT INC.
THE HIRSCHFELD COMPANIES LLC

## **COMPLAINT**

1. Plaintiff Stephanie Balcerzak seeks relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Connecticut Creditor's Collection Practices Act ("CCPA"), Conn. Gen. State §52-564, or the Connecticut Unfair Trade Practices Act, to remedy defendants' prohibited debt collection activity

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

The Parties

3. Plaintiff is a natural person who resides in Connecticut.

4. In or before May, 2008, Ms. Balcerzak resided in an apartment home known as Stony Brook Village, 140 Mill Street, East Haven CT 06512.

5. Ms. Balcerzak did not reside at Stony Brook Village after May 2008.

6. Defendant National Credit Systems is licensed as a consumer collection agency by the Connecticut Banking Department, and has been a member of a collectors' trade association, ACA International, since 1995.

7. National Credit Systems was designed as, and continues to be operated as, a consumer collection agency specifically focused on collecting debt for the apartment industry.

8. Stony Brook Village was formerly known as Stony Brook Village LLC.

9. HP Stony Brook LLC is the current corporate name of Stony Brook Village.

10. The property manager for Stony Brook Village is HP Stony Manager, Inc. or the Hirshfeld defendants. Upon information and belief, HP Stony Manager took over as manager of Stony Brook Village some time after May, 2008.

11. The Hirschfeld defendants participated in the activities complained of herein by their employees Dawn Radke and Sandra Vescera.

12. The corporate Stony Brook and Hirschfeld entities are collectively referred to hereinafter as Stony Brook Village.

The Claim

13. In or before 2009, Stony Brook Village placed a $5,372 balance allegedly due from Ms. Balcerzak for unpaid rent with National Credit Systems for collection.

14. National Credit Systems promptly reported the account to credit bureaus.

15. Thereafter, Stony Brook Village recalled the account from National Credit Systems.

16. In April 2009, Stony Brook Village placed the balance of the account, $4,335.86, for collection litigation with Attorney Mark Sank

17. On February 24, 2010, Stony Brook Village, represented by Mark Sank, obtained a default judgment in Connecticut small claims court in the amount of $4,410.96.

18. Ms. Balcerzak paid that judgment on or before May 16, 2013.

19. Stony Brook Village filed a satisfaction of judgment in the small claims action on or about May 24, 2013.

20. Despite full payment of the amount allegedly due to Stony Brook Village, defendant National Credit Systems continued to report to credit bureaus, as recently as July 14, 2014, that

Ms. Balcerzak still owed $5,372.

21. Upon information and belief, that $5,372 amount included amounts not permitted by statute or contract.

22. Upon information and belief, National Credit Systems knew or had reason to know that the payment on the Stony Brook Village judgment was completed in May, 2013.

23. National Credit Systems continued to report plaintiff's account to credit bureaus after its authority to collect the account ended.

24. In May, 2014, Ms. Balcerzak urgently needed to remove the Stony Brook Village entry that National Credit Systems had placed on her credit reports.

25. Accordingly, Stony Brook Village issued a letter dated June 25, 2014, which confirmed that she had paid $6,857 by check # 12938837.

26. If true, Ms. Balcerzak had paid significantly more than was owed.

27. Stony Brook Village did not investigate or refund the overpayment upon request.

28. Upon information and belief, the credit bureaus did not contact Stony Brook Village in and after May, 2014 to relay Ms. Balcerzak's claim that she had paid Stony Brook Village in full.

29. Upon information and belief, the credit bureaus contacted National Credit Systems in and after May 2014, to relay Ms. Balcerzak's claim that she had paid Stony Brook Village in full.

30. Upon information and belief, National Credit Systems did not conduct a reasonable investigation of Ms. Balcerzak's claim that she had paid Stony Brook Village in full.

31. Upon information and belief, National Credit Systems confirmed that the account was unpaid and should remain on Ms. Balcerzak's credit report.

32. The credit bureaus had not removed the Stony Book Village tradeline as of October, 2014.

33. Ms. Balcerzak suffered considerable anxiety and distress during the course of her unsuccessful effort to remove the Stony Brook Village account from her credit report.

## Claims for Relief

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff $1,000 statutory damages as well as actual damages under the FDCPA against National Credit Systems.

2. Award plaintiff such damages as result from National Credit System's failure to comply with § 1681s-2(b).

3. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the CCPA against Stony Brook Village, and treble damages for statutory conversion to the extent of any overpayment.

4. Award attorney's fees and costs.

                                              THE PLAINTIFF

*Joanne S. Faulkner*
BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net